UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

BRIAN THOMAS STICKNEY,

    Petitioner,

v.

WARDEN DAVID PAUL,

    Respondent.

Civil Action No. 5: 24-148-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Brian Thomas Stickney is a federal inmate currently confined at Federal Medical Center ("FMC") – Lexington in Lexington, Kentucky. Proceeding without an attorney, Stickney has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the $5.00 filing fee. [R. 4] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

In his § 2241 petition, Stickney requests a "declaratory order" from the Court finding that Stickney has exhausted all his administrative remedies available to him so that he may "file a constitutional lawsuit in federal court in the Eastern District of Pennsylvania." [R. 1 at p. 1] Stickney states that he seeks to file this lawsuit "for inadequate medical care and failure to protect [him] from a known risk of serious harm as well as 5th Amendment handicap violations alleging

[discrimination] and Rehabilitation Act of 1973 Section 504 violations." [*Id.* at p. 2] However, Stickney alleges that the Warden at FMC-Lexington has made the administrative remedy process unavailable to him in violation of Stickney's First Amendment right to access the court. [*Id.* at p. 1]

Stickney's § 2241 petition will be denied because Stickney's claim for relief is not cognizable in a habeas proceeding. Stickney's concerns relate not to the duration of his sentence, but to the conditions of his confinement, and therefore must be pursued (if at all) as a civil rights action filed pursuant to 28 U.S.C. § 1331. *McCrary v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *4 (E.D. Ky. 2009) (because the petitioner's claims challenging security classification and place of confinement "do not challenge the fact of his conviction or the duration of his sentence, they may not be asserted in a habeas corpus petition pursuant to Section 2241 [but are instead] 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331."). *See also Wilson v. Williams*, 961 F.3d 829, 837-838 (6th Cir. 2020) (noting that claims challenging fact or extent of confinement are properly brought under § 2241, while "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not properly brought under § 2241.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (collecting cases). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke*, 704 F.3d at 466 (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

For these reasons, Stickney's § 2241 petition will be denied without prejudice to his ability to assert his conditions of confinement claim in a civil complaint. To pursue his claim, Stickney

must initiate a new civil action by filing a formal complaint on a Court-approved form, Fed. R. Civ. P. 3; Local Rule 5.3 (a), and paying the $350.00 filing fee and the $55.00 administrative fee. Fed. R. Civ. P. 3; 28 U.S.C. § 1914. If Stickney cannot afford to pay the entire filing fee, he may file a motion to pay it in installments under 28 U.S.C. § 1915.[1] To file such a motion, Stickney must obtain a certified statement of his inmate trust fund account from appropriate prison staff. 28 U.S.C. § 1915(a)(2); Local Rule 5.4(a)(2). The Court will direct the Clerk of the Court to forward copies of the required forms to Stickney should he wish to file a civil complaint.

Accordingly, it is hereby **ORDERED** as follows:

1. Stickney's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**;

2. The Court will enter an appropriate Judgment;

3. This matter is **STRICKEN** from the Court's docket;

4. The Clerk of the Court shall send Stickney **blank** copies of the following: (1) a Civil Rights Complaint Form [E.D. Ky. 520 Form]; (2) an Affidavit of Assets/In Forma Pauperis Application [AO-240 Form]; and (3) a Certificate of Inmate Account Form [E.D. Ky. 523 Form]; and

5. To pursue his conditions of confinement claims, Stickney must complete the forms and file a **new** action in accordance with the instructions set forth above. The complaint **should not** be filed in this case using this case number.

---

[1] Section 1915 does not permit Stickney to avoid paying the filing fee. Rather, it simply permits Stickney to file a motion to pay the fee over time instead of paying the full amount of the fee immediately upon filing their complaint. 28 U.S.C. § 1915(b).

This 14th day of June, 2024.

                                            KAREN K. CALDWELL
                                            UNITED STATES DISTRICT JUDGE
                                            EASTERN DISTRICT OF KENTUCKY